# In the United States District Court for the Southern District of Georgia Waycross Division



FILED
John E. Triplett, Acting Clerk
United States District Court

By CAsbell at 12:35 pm, Jul 22, 2020

DONALD IVEY STALVEY, JR.

    Plaintiff,

    v.

UNITED STATES OF AMERICA,

    Defendant.

No. 5:18-cv-00019

## ORDER

This matter is before the Court on Plaintiff's Bill of Costs. Dkt. No. 83. It has been fully briefed by the parties and is ripe for review. Dkt. Nos. 84, 86. For the reasons below, Plaintiff's request for costs is **GRANTED.**

## BACKGROUND

Plaintiff seeks to tax Defendant for $3,635.02 in costs, as follows:

1.    Fees of the Clerk[1]                   $400.00
2.    Fees for service of summons and subpoena[2]   $60.00
3.    Fees for deposition transcripts           $2,946.00
        • Robinson Court Reporting Services[3]   $786.15

---

[1] See Exhibit B, dkt. no. 83-1, a $60.00 invoice for process service from Crisp & Associates and a copy of a corresponding check from Plaintiff's counsel to Crisp & Associates for $60.00.

[2] See Exhibit A, dkt. no. 83-2, a copy of this cases' docket report reflecting Plaintiff paid the $400.00 filing fee on March 3, 2018.

[3] See Exhibit C, dkt. no. 83-3, an invoice for depositions taken on August 8, 2018, including the depositions (original plus one copy) of D'Arcy Jackson and Antony Hall, the depositions (one copy) of Donald Stalvey, Candace Stalvey, and Aniston Stalvey from Robinson Court Reporting Services and a copy of a

- Cofey & Arwood, LLC[4]                     $152.00
- Coastal Court Reporting[5]                 $684.95
- Joyce Waters Reporting, Inc.[6]            $798.50
- Hunter Video Productions[7]                $380.00
- Debra Gilbert[8]                           $144.90

4.   Fees for witnesses                              $80.00
- Dr. Sofiamos[9]                            $40.00
- Dr. Helman[10]                             $40.00

5.   Fees for exemplification and copy costs[11]     $148.52
- HIM Quality Solutions                      $87.94
- Rehab Services of Coffee                   $25.00
- Tift Regional Hospital                     $35.58

Dkt. No. 83.

---

corresponding check from Plaintiff's counsel to Julie Robinson Lawrence for $786.15. Exhibit 2 to Plaintiff's Reply Brief, dkt. no. 86-2, itemizes these costs, detailing what Plaintiff paid for each original deposition and/or copy thereof, along with the court reporter's appearance fees, mileage fees, and the fee for the witnesses to read and sign their respective deposition transcripts.

[4] See Exhibit D, dkt. no. 83-4, the cover page of Dr. Hellman's original deposition, taken November 28, 2018, and copy of a corresponding check from Plaintiff's counsel to Coffey & Arwood, LLC for $152.00.

[5] See Exhibit E, dkt. no. 83-5, an invoice for the transcript and one copy of the deposition of Dmitri A. Sofianos, MD on October 3, 2018 for $684.95, and a copy of a corresponding check from Plaintiff's counsel to Coast Court Reporting for $684.95.

[6] See Exhibit G, dkt. no. 83-7, the cover page of Dr. Hellman's videotaped trial deposition, taken August 26, 2019, and a copy of a corresponding check from Plaintiff's counsel to Joyce Waters Reporting, Inc. for $798.50.

[7] See Exhibit I, dkt. no. 83-9, a copy of a check from Plaintiff's counsel to Hunter Video Productions for $380.00 with the memo "Re: Depo of Dr. Hellman (Stalvey)."

[8] See Exhibit J, dkt. no. 83-10, an invoice from Debra Gilbert, Official U.S. Court Reporter, for original and first copy of the bench trial transcript in Staley v. USA, 5:18-cv-19, for $144.90, and a copy of a corresponding check from Plaintiff's counsel to Debra Gilbert for $144.90.

[9] See Exhibit F, dkt. no. 83-6, a copy of a check from Plaintiff to Chatham Orthopaedic Associates, PA for $1,000.00 with the memo "Safiamos Deposition."

[10] See Exhibit H, dkt. no. 83-8, an email from Dr. Hellman (via Stephanie Dorman) requesting payment of $1,000.00 for Dr Hellman's time for being deposed on August 26, 2018, and a copy of a corresponding check from Plaintiff's counsel to Dr. Hellman for $1,000.00.

[11] See Exhibit K, copies of checks from Plaintiff's counsel to three medical providers as follows: HIM Quality Solutions, Inc. (Georgia Sports Medicine Prepayments) in the amount of $87.94, Rehabilitation Services of Coffee, Inc. in the amount of $25.00, and Tift Regional Hospital for $35.58.

In response, Defendant argues that Plaintiff is only entitled to recover $1,830.95 in deposition costs (less $380.00 for the videotaped deposition of Dr. Hellman, totaling $1,450.95), because Plaintiff "failed to show a need" for deposition transcript copies or the videotaped deposition of Dr. Hellman.[12] Dkt. No. 84 at 5. Defendant further argues that it should not be taxed for the cost of Plaintiff obtaining his medical records because he "provides no explanation for what these records are, why they are necessary to acquire, and whether they are even used at trial." See Dkt. No. 84 at 6 ("Unless Stalvey provides further detail as to how these costs are allowable under 28 U.S.C. § 1920, this portion of his Bill of Costs should be excluded.").

In reply to Defendant's objections, Plaintiff explained why he requested each deposition copy, videotaped Dr. Hellman's trial deposition, and obtained Plaintiff's medical records. Dkt. No. 86 at 2-3. First, Plaintiff explained, he took Anthony Hall and D'Arcy Jackson's depositions at a time when Defendant denied liability in this matter. Id. At that time, Plaintiff believed that those depositions—along with a copy thereof—were necessary to create a

---

[12] Defendant states that the $1,830.95 "deducts the costs of video and cuts in half only those deposition invoices which explicitly note that copies were ordered;" dkt. no. 84 at 6, however, taxation of $1,830.95 would only account for reducing the costs of the depositions taken by Julie Lawrence and Coastal Court Reporting in half. It does not account for the video. Defendant further contends that Plaintiff is only entitled to half the requested amount for depositions taken by Coffee & Arwood and Joyce Waters Reporting; however, should additional copies of other depositions taken by other court reporters prove unnecessary, then Defendant objects to those costs on the same grounds. Dkt. No. 84 at 5n.1.

discovery plan, draft pre-trial motions, and prepare for trial itself, should either person be called as a witness. Id. Plaintiff notes that "since the originals were sealed and cannot be unsealed except by the Court," a copy of each deposition was necessary to further his case. Id. Second, although Defendant took Donald, Candice, and Anniston Stalvey's depositions, Defendant did not provide Plaintiff with a courtesy copy of each. Id. Therefore, Plaintiff obtained such copies on his own to create a discovery plan, draft pre-trial motions, and prepare for trial itself. Id.

Third, Plaintiff explained that Dr. Hellman was deposed a second time for trial purposes because Plaintiff believed testimony from his treating physician would be necessary to prove his damages. Id. at 4. Moreover, he elected to have Dr. Hellman testify in a videotaped deposition as opposed to appearing at trial because, in his view, doing so was more cost effective and respectful of Dr. Hellman's other patients, who would be impacted should Dr. Hellman miss a day of work to testify in this case. Id. Defendant made no objection to Plaintiff deposing Dr. Hellman in this manner, nor did Defendant object when Plaintiff played Dr. Hellman's videotaped deposition at trial.

Fourth, Plaintiff explained that he believed it necessary to gather Plaintiff's medical records to present evidence of Plaintiff's past and future damages, to support Plaintiff's claim for medical bills, to allow his counsel to effectively depose

Plaintiff's treating physician, and to cross-examine any expert witness called by Defendant. Id. at 3. Moreover, Plaintiff notes that the parties "combined the medical records gathered" to use as joint trial exhibits. Id.

In addition to these explanations, Plaintiff submitted more exhibits in support of his Bill of Costs. Specifically, Plaintiff presented an itemized break-down of the costs charged by Robinson Court Reporting Services for the original Jackson and Hall depositions, the copies thereof, and for the Stalvey family's respective deposition copies. Dkt. 86-2. Plaintiff further provided invoices reflecting that he was not charged for the copy of certain other depositions. Dkt. Nos. 86-5, 86-8, 86-10. Finally, Plaintiff presented an email from Defendant's counsel in which he requested Plaintiff send him "the [medical records] of any past or future [medical] examination of Mr. Stalvey" for Defendants use during this case. Dkt. No. 86-11.

Plaintiff's Reply sufficiently addressed the factual underpinnings of Defendant's objections. The question now is whether Plaintiff's Bill of Costs, when read in conjunction with his Reply Brief and exhibits thereto, is legally sufficient to warrant the Court granting Plaintiff costs. The Court finds that it is.

**LEGAL STANDARD**

Costs that are statutorily authorized are presumptively allowed to a prevailing party. Fed. R. Civ. P. 54 (d)(1); See W. Va. Univ. Hospital, Inc. v. Casey, 499 U.S. 83, 86 (1991). The non-prevailing party bears the burden of demonstrating that a challenged cost is not taxable. See E.E.O.C. v. W. & O., Inc., 213 F.3d 600, 621 (11th Cir. 2000); see also Monelus v. Tocodrian, Inc., 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009) ("When challenging whether costs are taxable, the losing party bears the burden of demonstrating that a cost is not taxable, unless the knowledge regarding the proposed cost is within the exclusive knowledge of the prevailing party.").

In deciding to award costs, the district court has discretion, but such discretion is "not unfettered." Chapman v. AI Transport, 229 F.3d 1012, 1039 (11th Cir. 2000) (en banc). First, the Court can only tax the non-prevailing party for those costs specifically enumerated in 28 U.S.C. § 1920, absent another explicit statutory authorization. Crawford Fitting Co., 482 U.S. 437, 445 (1987).[13] Title 28 U.S.C. § 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:

---

[13] When a plaintiff brings and prevails on tort claims against the United States government under the Federal Torts Claim Act, the plaintiff may recover § 1920 costs from the government. See Epling v. United States, 958 F. Supp. 312, 317 (W.D. Ky. 1997) (A party prevailing against the United States in an FTCA action "is left with the waiver of sovereign immunity as tot costs under 28 U.S.C. § 1920.").

(1)  Fees of the clerk and marshal;

(2)  Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3)  Fees and disbursements for printing and witnesses;

(4)  Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5)  Docket fees under section 1923 of this title;

(6)  Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Second, "[t]o defeat the presumption and deny full costs, a district court must have and state a sound basis for doing so." Chapman, 229 F.3d at 1039.

## DISCUSSION

Plaintiff is the prevailing party. Therefore, Plaintiff is presumptively entitled to an award of costs, and Defendant bears the burden of showing why these costs should not be taxed to it. Defendant does not object to being taxed the following costs: $400.00 for fees of the clerk, $60.00 for service of process fees, and $80.00 for witness fees. Seeing no objection, this $540.00 is taxed to the Defendant.

Defendant does object to the costs associated with obtaining certain depositions in this case. Defendant also objects to the cost of obtaining Plaintiff's medical bills. Both costs are allowed

7

under §1920, if "necessarily obtained for use in the case." 28 U.S.C. §§ 1920(2) (depositions), (4) (medical records). Likewise, a copy of a necessary deposition is also taxable under § 1920(2). See Desisto College v. Town of Howey-in-the-Hills, 718 F. Supp. 906, 912 (M.D. Fla. 1989), aff'd, 914 F.2d 267 (11th Cir. 1990).

Indeed, "a deposition taken within the proper bounds of discovery will normally be deemed to be 'necessarily obtained for use in the case' and its costs will be taxed unless the opposing party interposes a specific objection that the deposition was improperly taken or unduly prolonged." Helms v. Wal-Mart Stores, Inc., 808 F. Supp. 1568, 1571 (N.D. Ga. 1992) (quoting George R. Hall, Inc. v. Superior Trucking Co., Inc., 532 F. Supp. 985, 994 (N.D. Ga. 1982). In addition, depositions are deemed to have been "necessary" under Rule 54(d) if they "appeared to be reasonably necessary to the parties in light of the particular situation existing at the time it was taken." Cobb v. City of Roswell, Ga., 987 F. Supp. 2d 1319, 1324 (N.D. Ga. 2013) (emphasis removed).

Finally, one copy of any necessary deposition taken in the case is taxable. As the Northern District of Georgia explained, "[a] party's possession of an original deposition transcript is virtually meaningless from [a] practical standpoint." DiCecco v. Dillard House, Inc., 149 F.R.D. 239, 242-43 (N.D. Ga. 1993). Therefore, in general, all parties "require [at least] one copy of each original deposition" taken in the case, regardless of who

took the deposition. Id. Accordingly, the costs of the deposition transcript and at least one copy thereof may be taxed to the losing party. See Id. at 243.

Here, Plaintiff obtained one original and/or one copy of each deposition listed above taken during the normal course of discovery. Insofar as it relates to the Stalveys, Plaintiff ordered his own copy of the depositions taken by Defendant because Defendant did not provide him with a courtesy copy of the same. Moreover, Defendant does not contend that any of the depositions in question were taken beyond the proper bounds of discovery. Instead, Defendant's sole argument is that Plaintiff did not state with enough specificity why he needed copies of certain depositions nor did Plaintiff provide an itemized invoice breaking down Plaintiff's costs into transcript costs and copy costs. Although the Court doubts whether such specificity is legally required for Plaintiff to meet his burden, Plaintiff nonetheless provided such details in his reply, dkt. no. 86, and attachments thereto, mooting Defendant's objections on this ground.

For example, Plaintiff explained that the one copy of each deposition he obtained was necessary to further litigate his case and prepare for trial. In support, Plaintiff attached multiple invoices from vendors that broke down the costs into original and copies thereof (when appropriate and possible). Therefore, Plaintiff has met his burden, and is entitled to recover the full

cost of obtaining printed deposition transcripts and copies thereof in this case, totaling $2,421.60.

Second, videotaped depositions are taxable under § 1920(2) ("Fees for . . . electronically recorded transcripts). In addition to the text of the statute, Plaintiff relies on Morrison v. Reichhold Chemicals, 97 F.3d 460, 465 (11th Cir. 1996), to argue videotaped depositions are taxable to the losing party "when the party taking the deposition notices the deposition to be videotaped and the [losing] party does not object at that time to the manner of recordation." Dkt. No. 86 at 12. Morrison is somewhat outdated because 28 U.S.C. § 1920 was subsequently amended to include costs for "electronically recorded transcripts;" however, the reasoning underlying Morrison still applies today. If the losing party makes no objection at the time of recording and the prevailing party reasonably believes video-recording the deposition is necessary to his case, then the cost of video-recording the deposition is taxable to the losing party. See Dopson v. Steverson, :17-cv-053, 2018 WL 6617647, at *1 (S.D. Ga. Dec. 18, 2018).

Here, Defendant contends that the costs of the videotaped trial deposition of Dr. Hellman is not taxable to Defendant because Plaintiff failed to state why the videotaped deposition was necessary. In reply, Plaintiff contends that Dr. Hellman's video deposition was necessary because Plaintiff believed Dr. Hellman's treating physician testimony was necessary to is case and doing so

in this manner would only be cost effective but would allow Dr. Hellman to continue treating his patients with interruption. Finally, Defendant was given notice of Dr. Hellman's videotaped deposition and did not object to the video-recording of Dr. Hellman's trial testimony (in addition to a written transcript), nor did Defendant object when Plaintiff played Dr. Hellman's deposition at trial. Accordingly, the cost of Dr. Hellman's videotaped deposition is taxable to Defendant in the amount of $380.00. In total, the costs for deposition transcripts, recordings, and copies thereof totaled $2,946.50, all of which is taxable to the Defendant.

Next, Defendant objects to being taxed the costs of copying and printing Plaintiff's medical records from Georgia Sports Medicine ($87.94), Rehabilitation Services of Coffee, Inc. ($25.00), and Tift Regional Hospital ($35.58) (totaling $148.52). Copies attributable to discovery are recoverable under § 1920, including costs of medical records. E.E.O.C. v. W & O Inc., 213 F.3d 600, 623 (11th Cir. 2000). The costs of documents, discovery, and exhibits tendered to the opposing party or submitted to the court are also taxable under § 1920(4). Scroggins v. Air Cargo, Inc., 534 F.2d 1124, 1133 (5th Cir. 1976).

Here, Defendant argues that it is "unable to consent" to being taxed for these costs because it does not what those records are, why they were necessary, and whether such records "were even used

at trial." Dkt. No. 85 at 6. This argument is suspect under the facts of this case, wherein Defendant made an explicit request to Plaintiff "for the [medical records] of any past or future [medical] examination of Mr. Stalvey," dkt. no. 86-1, and collaborated with Plaintiff to create a joint exhibit list, which were overwhelmingly comprised of medical records from Georgia Sports Medicine, Rehabilitation Services of Coffee, Inc., and Tift Regional Hospital. Indeed, it is evident to the Court that Plaintiff's Bill of Costs is seeking to recover the cost of medical records collected to support his tort claim against Defendant (and to rebut any defenses Defendant intended to assert at the time). As such, under 28 U.S.C. § 1920(4), Plaintiff is entitled to recover copy fees for materials necessarily obtained for use in the case, including his medical records. Accordingly, Defendant shall be taxed the $148.52 for such records in this case.

**CONCLUSION**

For the reasons above, Defendant's Motion for Bill of Costs, dkt. no. 83, is **GRANTED** and Plaintiff is **TAXED $3,635.02** for the following necessary and statutorily permissible costs:

| | | |
|---|---|---|
| 1. | Clerk Fees | $400.00 |
| 2. | Service of Process Fees | $60.00 |
| 3. | Deposition Costs | $2,946.00 |
| 4. | Witness Fees | $80.00 |
| 5. | Medical Record Production Costs | $148.52 |

**SO ORDERED**, this 22nd day of July, 2020.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA