FILED
John E. Triplett, Acting Clerk
United States District Court

By MGarcia at 2:45 pm, Jul 23, 2020

# In the United States District Court for the Southern District of Georgia Waycross Division

DONALD IVEY STALVEY, JR.,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

No. 5:18-cv-19

## ORDER

Before the Court is Plaintiff Donald Stalvey's Motion for Reconsideration. Dkt. No. 78. This motion is fully briefed by the parties, dkt. nos. 80, 82, and is ripe for review. The facts and procedural background of this case are largely detailed in the Court's Findings of Fact and Conclusions of Law (the Court's "prior Order"). Dkt. No. 77. At present, Plaintiff moves this Court to reconsider its award to him, contending this Court "was operating under the mistaken conclusion that there was no evidence that Mr. Stalvey currently had any disability rating or permanent injury" and "overlooked" testimony regarding Plaintiff's alleged permanent disability rating and maximum medical improvement offered by his treating physician, Dr. Hellman. Dkt. No. 78-1 at 2-3. Otherwise, Plaintiff contends, the Court would have awarded Mr. Stalvey more

money. Id. at 3. For the reasons set forth below, Plaintiff's Motion is **DENIED**.

To successfully move the Court for reconsideration under Rule 59(e), the moving party must demonstrate: (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice. Estate of Pidcock By and Through Pidcock v. Sunnyland Am., Inc., 726 F. Supp. 1322, 1333 (S.D. Ga. 1989).[1] To grant such a motion, the movant must "demonstrate why the court should reconsider its decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." United States v. Battle, 272 F. Supp. 2d 1354, 1357 (N.D. Ga. 2003) (internal quotations and citations omitted). The decision to grant a motion for reconsideration rests within the sound discretion of the district court. Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health & Rehab Servs., 225 F.3d 1208, 1216 (11th Cir. 2000).

Importantly, Rule 59(e) is not a means to "relitigate old matters, or to raise arguments or to present evidence that could have been raised prior to the entry of judgment." Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008). Instead, the movant

---

[1] Plaintiff asks this Court to review his motion under either Federal Rule of Civil Procedure 59 or Federal Rule of Civil Procedure 60. Rule 59(e) is the appropriate tool available to Plaintiff at this stage (and renders an analysis under Rule 60 unnecessary). See Brown v. Spells, No. 7:11-cv-91, 2011 WL 4543905 at *1 (M.D. Ga. Sept. 30, 2011).

2

must "demonstrate why the court should reconsider its decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." United States v. Battle, 272 F. Supp. 2d 1354, 1357 (N.D. Ga. 2003) (internal quotations and citations omitted). Moreover, a motion for reconsideration is not an opportunity to instruct this Court on how it "could have done . . . better the first time." Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995) (procedural history and internal quotations omitted).

Here, Plaintiff argues that the Court erred because it found "no evidence" that Mr. Stalvey, at the time of trial, had a permanent disability rating or permanent injury and otherwise "overlooked" evidence establishing Mr. Stalvey had a permanent disability and reached maximum medical improvement. Dkt. No. 78-1 at 2-3. Apart from being unsupported by the evidence presented at trial, these arguments do not offer any new facts previously undiscovered, bring to light an applicable change in the law, nor do they demonstrate that without amendment this Court's prior Order was manifestly unjust. Therefore, they are insufficient to induce the Court to reconsider its prior Order under Rule 59(e).

More pointedly, Plaintiff's arguments fail because they are, at best, reassertions of arguments and evidence first presented at trial that he now contends demonstrate the Court "could have done

3

better" by awarding him more money. See Pres. Cobb's History, 916 F. Supp. at 1560. Plaintiff believes the only reason the Court awarded him $68,716.33 in damages (and not more) is because the Court overlooked certain pieces of evidence Plaintiff presented at trial. Plaintiff is incorrect. The Court awarded Plaintiff the compensatory damages he proved at trial. No more and no less. Plaintiff did not sufficiently prove the amount of his future medical expenses, so he was not entitled to such compensation under Georgia law. Further, Plaintiff did not sufficiently prove that he had a permanent disability rating of five percent or that he reached maximum medical improvement because he presented no testimony deemed sufficiently reliable or credible to carry his burden. Both at trial and in his motion for reconsideration, Plaintiff attempts to convince the Court that general evidence of disability ratings for hypothetical patients who qualify for anterior cervical discectomy surgery and broad explanations of maximum improvement status establish conclusively Plaintiff's disability rating of five percent and maximum improvement status. These arguments did not persuade the Court at trial, and the Court remains unpersuaded. Plaintiff's Motion for Reconsideration, dkt. no. 78, is **DENIED**.

**SO ORDERED**, this 23rd day of July, 2020.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

5